**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER PAUL<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-72145<br><br>Agency No. A079-248-868<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Surinder Paul, a native and citizen of India, petitions for review of a Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that even if Paul suffered past persecution, the government established by a preponderance of the evidence that he can reasonably relocate to another part of India. *See id*. at 1000 (presumption of well-founded fear can be rebutted if the government can show the applicant could reasonably be expected to relocate). We reject Paul's contention that the agency mischaracterized the background documentation. *See id*. at 1000-01 (agency may construe "an ambiguous or somewhat contradictory country report"). Further, although Paul challenges the agency's treatment of his affidavits, he does not argue this impacted the agency's relocation analysis. In light of our conclusions, we need not address Paul's contentions regarding the affidavits. Thus, his asylum claim fails.

Because Paul did not demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Finally, substantial evidence also supports the agency's denial of CAT protection because Paul failed to demonstrate it is more likely than not he will be

tortured by or with the consent or acquiescence of the Indian government.  *See*

*Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) (denying CAT relief where

petitioner did not show inability to relocate internally).  We reject Paul's

contention that the BIA improperly or inadequately analyzed his CAT claim.

**PETITION FOR REVIEW DENIED.**